UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEBASTIAN CEBALLOS FLOREZ,<br><br>    Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director OF Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, KENNETH PORTER, Acting Director, of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, U.S. Attorney General, MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>    Respondents. | Case No. 1:26-cv-00446-DCN<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Florez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Emergency Motion for Temporary Restraining Order (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 5. The Government opposes Florez's Petition. Dkt. 6. Upon review, and for the reasons set forth below, the Court GRANTS Florez's Petition and denies the Motion for Temporary Restraining Order as MOOT.

ORDER – 1

## II. BACKGROUND

Florez is a Colombian national. Upon his entry without admission in 2024, Florez indicated a fear of return to Colombia and was processed for removal proceedings. Florez was served with a Notice to Appear, an Order of Release on Recognizance, and a Notice of Custody Determination, then released. He settled in Florida and later moved to Idaho.

Florez was convicted of misdemeanor driving under the influence on July 15, 2026, and was sentenced to a 179-day term of incarceration, with 45 days credited and 134 days suspended, 180 days license suspension, and 1-year supervised probation. Florez entered ICE custody immediately thereafter and is currently being held at the Elmore County Detention Center in Mountain Home, Idaho.

Florez contends his detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

## III. LEGAL STANDARD

The Constitution guarantees every person in the United States due process of law, including persons who are not United States citizens. *See, e.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Habeas proceedings provide a forum to challenge the legality of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

ORDER – 2

## IV. DISCUSSION

Florez's Petition represents one of many habeas cases in the District of Idaho. All District Judges in this District agree DHS's position regarding the interplay between 8 U.S.C. §§ 1226(a) and 1225(b)(2), and the associated bond provisions, is erroneous. *See, e.g.*, *Quijada Cordoba v. Knight*, No. 1:25-cv-00605-BLW, 2025 WL 3228945 (D. Idaho Nov. 19, 2025); *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Artega v Leyva,* 1:26-cv-00236-DCN, 2026 WL 1283869 (D. Idaho May 11, 2026). The Court will not repeat that analysis here as it is well known at this point.[1]

In its ever-evolving approach to these petitions, the Government now argues Florez is not being impermissibly detained under § 1225(b), but legally detained pursuant to § 1226(a) because he was on conditional parole at the time of his arrest and that parole was automatically revoked when he was convicted in state court. Thus, the Government contends DHS is within its right to detain Florez and all Florez needs to do is ask for a bond redetermination hearing.

Setting aside the fact that there is no evidence in the record illustrating Florez's parole was actually revoked, the Government's current position stands in stark contrast to its prior representations in similar cases up to this point. *See, e.g., Ochoa Yepes v. Leyva*, 1:26-cv-00299-DCN, Dkt. 7 (D. Idaho, 2026) (Government asserting the petitioner—who entered the country, was released on his own recognizance, then re-detained—was subject

---

[1] The Government's standing objection (Dkt. 6, at 4) is noted, preserved, and overruled.

ORDER – 3

to mandatory detention under 8 U.S.C. § 1225(b)); *Tellez v. Leyva*, 1:26-cv-00297-BLW, Dkt. 6 (D. Idaho, 2026) (same); *Avalos Sanchez v. Porter*, 1:26-cv-00361-BLW, Dkt. 9 (D. Idaho, 2026) (same); *Frutos Arteaga v. Leyva*, 1:26-cv-00236-DCN, Dkt. 11 (D. Idaho, 2026) (same); *Suarez Rueda v. Leyva*, 1:26-cv-00406-AKB Dkt. 5 (D. Idaho, 2026) (same).

The Government is, of course, allowed to make whatever argument it likes. But the Court does not see a material difference between this case and the plethora of other cases already adjudicated in this district. Numerous cases have involved petitioners who had been released on their own recognizance and the Court's ruling was the same. The Court finds no reason to depart from that practice now.

Finally, the Government alleges Florez may be dangerous considering he was recently charged with driving without privileges, and while that charge was pending, was convicted of misdemeanor driving under the influence.

The Court, of course, wishes to ensure the safety of Florez and the public. Driving without privileges and driving under the influence are serious crimes. However, they do not tend to show an obvious danger or risk of flight in the context of immigration proceedings. The Court has found similar circumstances not dangerous. *See, e.g., Frutos-Arteaga v. Leyva*, 1:26-cv-00236-DCN, Dkt. 16, at 4 (D. Idaho, 2026) (finding petitioner not dangerous even with a prior misdemeanor conviction for drug paraphernalia); *Betanco Vasquez v. Leyva*, 1:26-cv-00424-BLW, Dkt. 14 at 7 (D. Idaho, July 28, 2026) (Ordering immediate release for a petitioner with two misdemeanor DUIs).

In sum, the Court grants Florez's Petition and orders his immediate release from custody.

ORDER – 4

## V. ORDER

1.  Florez's Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED.

2.  Florez's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

DATED: July 31, 2026

David C. Nye
U.S. District Court Judge

ORDER – 5